IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ABE B. HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 318-026 |
| | ) | |
| MR. HALLETT, Correctional Officer, and | ) | |
| MR. MOSLEY, Correctional Officer, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Georgia State Prison in Reidsville, Georgia, brought the above-captioned civil case and is proceeding *pro se* and *in forma pauperis*. Before the Court is Plaintiff's motion for entry of default. (Doc. no. 36.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion be **DENIED**.

Under Fed. R. Civ. P. 55(a), a party is entitled to entry of default when it has shown an adverse party has failed to plead or otherwise defend against a complaint through affidavit or otherwise. However, the Court may set aside an entry of default for good cause under Fed. R. Civ. P. 55(c). Murphy v. Farmer, 176 F. Supp. 3d 1325, 1340 (N.D. Ga. 2016). This standard considers whether the default was "culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996). Other factors include the public interest, significance of

financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. Id.

As to Officer Hallett, entry of default is not warranted because his deadline to respond to Plaintiff's amended complaint has not passed. On January 8, 2019, the United States Marshal requested Officer Hallett waive formal service of summons, and, on January 10, 2019, defense counsel for Officer Hallett executed the waiver of service. (See doc. nos. 48, 49.) As the Court explained in its June 18, 2018 Order, a defendant who waives formal service of summons does not have to answer the amended complaint until sixty days after the date the Marshal mails the request for waiver. (Doc. no. 12, pp. 4-5 (citing Fed. R. Civ. P. 4(d)(3)).) Accordingly, entry of default against Officer Hallett is not appropriate because he has sixty days from January 8, 2019, to respond to Plaintiff's amended complaint.

As to Defendant Mosley, the United States Marshal effected personal service on November 5, 2018. (Doc. no. 33.) On November 26, 2018, Defendant Mosley signed his *pro se* answer, which the Clerk of Court filed on November 30, 2018. (Id. at 1.) Defendant Mosley did not attach a certificate of service to his answer indicating he served Plaintiff with a copy as required by Local Rule 5.1, and the Clerk issued a deficiency notice. (Doc. no. 35.) On December 14, 2018, Defendant Mosley filed a response to the deficiency notice, stating he mailed a copy of the answer to Plaintiff on December 11, 2018. (Doc. no. 38.)

Pursuant to Rule 12(a)(1)(A)(i), a defendant must serve an answer within twenty-one days after being served with the summons and complaint. However, more than twenty-one days passed between November 5, 2018, when Defendant Mosley was personally served, and December 11, 2018, when Defendant Mosley served a copy of the answer on Plaintiff by

2

mail.

However, on December 27, 2018, defense counsel filed a notice of appearance on Defendant Mosley's behalf, and, on January 10, 2019, Defendant Mosley filed a response to Plaintiff's motion for entry of default asking the Court not to enter default against him. (Doc. nos. 42, 45.) Defendant Mosely, though counsel, explained he was no longer employed by Georgia Department of Corrections ("GDOC") at the time he was served and did not understand he could have notified GDOC to arrange for representation but nevertheless filed a *pro se* answer. (Id. at 1-2.) Once the Attorney General's office learned of the case, they appointed counsel for Officer Mosley. (Id.)

Defendant Mosley argues default should not be entered against him because: (1) he attempted in good faith to properly respond to Plaintiff's amended complaint; (2) the Attorney General's office acted promptly to obtain representation for Defendant Mosley once it became aware of the case; (3) defense counsel has since taken remedial action, including filing a response to Plaintiff's motion as well as a motion to amend Defendant Mosley's initial answer including the proposed amended answer; and (4) Plaintiff has not suffered any prejudice by the delay. (Id. at 4-6.)

First, there is no indication Defendant Mosley's failure to timely answer was willful. At the time he filed his initial answer, Defendant Mosley was proceeding *pro se* and signed his answer twenty-one days after the date of service. Accordingly, Defendant Mosley likely, but erroneously, believed he complied with the answer deadline by mailing his answer on the final day for serving his answer. Defendant Mosley, though counsel, acted promptly to remedy the error by timely responding to Plaintiff's motion for entry of default and seeking

3

leave to file an amended answer.  Thus, there is no indication Defendant Mosley's failure was caused by willfulness, dilatory motive, or bad faith.

Second, there is no indication Plaintiff has been prejudiced by Defendant Mosley's late filing or Plaintiff will suffer financial loss as a result.  Indeed, Defendant's answer was initially filed only three days after the deadline, Defendant Mosley has now appeared and is represented by counsel, and Officer Hallett has not yet had to respond to Plaintiff's amended complaint.  Thus, because good cause exists for setting aside any default, Plaintiff's motion should also be denied as to Defendant Mosley.  Murphy, 176 F. Supp. 3d 1340.

Accordingly, for the reasons stated above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for entry of default be **DENIED**.  (Doc. no. 36.)

SO REPORTED and RECOMMENDED this 22nd day of January, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA