IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ABE B. HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 318-026 |
| | ) | |
| MR. HALLETT, Correctional Officer, and | ) | |
| MR. MOSLEY, Correctional Officer, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Before the Court are Plaintiff's motions to strike, (doc. nos. 41, 44), and Defendant Mosley's motion to stay and motion for leave to file an amended answer, (doc. nos. 46, 47). For the reasons stated below, the Court **DENIES AS MOOT** Plaintiff's motions to strike, (doc. nos. 41, 44), **GRANTS** Defendant Mosley's motion for leave to file an amended answer, (doc. no. 47), and **ORDERS** Defendant Mosley to supplement his motion to stay within fourteen days of this Order.

**I.    DEFENDANT'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER AND PLAINTIFF'S MOTIONS TO STRIKE**

On November 30, 2018, Defendant Mosley filed a one-page *pro se* answer to Plaintiff's amended complaint. (Doc. no. 34.) On December 27, 2018, defense counsel filed a notice of appearance on behalf of Defendant Mosley, and, on January 10, 2019, Defendant Mosley, through counsel, filed a motion for leave to file an amended answer. (Doc. nos. 42, 47.) Defendant Mosely, though counsel, explained he was no longer employed by Georgia

Department of Corrections ("GDOC") at the time he was served and did not understand he could have notified GDOC to arrange for representation and filed a *pro se* answer. (Id. at 1-2.) Once the Attorney General's office learned of the case, they appointed counsel for Defendant Mosley. (Id.)

In his motion for leave to amend, Defendant Mosley states he is facing criminal charges relating to the subject matter of Plaintiff's complaint and wishes to amend his answer to ensure "no argument can be made that [he] waived his Fifth Amendment rights against self-incrimination." (Doc. no. 47-1, p. 2.) Defendant Mosley contends Plaintiff will not incur prejudice as result of the amendment. (Id. at 3-4.)

Under Federal Rule of Civil Procedure 15(a), a party may amend a pleading more than twenty-one days after serving it "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts should freely allow amendment. See Carter v. Broward Cty. Sheriff's Dep't Med. Dep't, 558 F. App'x 919, 923 (11th Cir. 2014) (citing Forman v. Davis, 371 U.S. 178, 182 (1962)); see also Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). However, "[a] . . . court may deny such leave where there is substantial ground for doing so, such as undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." Muhammad v. Sapp, 494 F. App'x 953, 958 (11th Cir. 2012) (quoting Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008)).

Defendant Mosley first obtained representation on December 27, 2018, and filed his motion to amend on January 10, 2018. Because defense counsel acted promptly following

Department of Corrections ("GDOC") at the time he was served and did not understand he could have notified GDOC to arrange for representation and filed a *pro se* answer. (Id. at 1-2.) Once the Attorney General's office learned of the case, they appointed counsel for Defendant Mosley. (Id.)

In his motion for leave to amend, Defendant Mosley states he is facing criminal charges relating to the subject matter of Plaintiff's complaint and wishes to amend his answer to ensure "no argument can be made that [he] waived his Fifth Amendment rights against self-incrimination." (Doc. no. 47-1, p. 2.) Defendant Mosley contends Plaintiff will not incur prejudice as result of the amendment. (Id. at 3-4.)

Under Federal Rule of Civil Procedure 15(a), a party may amend a pleading more than twenty-one days after serving it "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts should freely allow amendment. See Carter v. Broward Cty. Sheriff's Dep't Med. Dep't, 558 F. App'x 919, 923 (11th Cir. 2014) (citing Forman v. Davis, 371 U.S. 178, 182 (1962)); see also Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). However, "[a] . . . court may deny such leave where there is substantial ground for doing so, such as undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." Muhammad v. Sapp, 494 F. App'x 953, 958 (11th Cir. 2012) (quoting Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008)).

Defendant Mosley first obtained representation on December 27, 2018, and filed his motion to amend on January 10, 2018. Because defense counsel acted promptly following

his appointment in moving the Court to allow Defendant Mosley to amend his answer, there is no indication the motion was made for purposes of undue delay or bad faith. Indeed, Defendant Mosley indicates the primary purpose of the amendment is to protect his Fifth Amendment right against self-incrimination. Furthermore, Plaintiff will not suffer prejudice by allowing the amended answer. Thus, no substantial ground exists for not allowing Defendant Mosley to amend his answer. Accordingly, the Court **GRANTS** Defendant Mosley's motion for leave to file an amended answer, (doc. no. 47), **DIRECTS** the Clerk to docket Defendant's amended answer, (doc. no. 47-3, pp. 2-8), as a stand-alone entry on the docket, and **DIRECTS** Defendant Mosley to serve the amended answer on Plaintiff within seven days of this Order.

Additionally, Plaintiff filed two motions to strike Defendant Mosley's initial answer, arguing the Court should strike the answer because it was not properly served on Plaintiff and had no certificate of service. (Doc. nos. 41, 44.) Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiff does not argue any portion of Defendant Mosley's initial answer included an insufficient defense or other inappropriate matters; he only objects to Defendant Mosley's improper service of the answer. However, because the Court has allowed Defendant Mosley to file an amended answer and has directed Defendant Mosley to serve it on Plaintiff, the Court **DENIES AS MOOT** Plaintiff's motions to strike. (Doc. nos. 41, 44.)

## II.   DEFENDANT MOSLEY'S MOTION TO STAY

On January 10, 2019, Defendant Mosley filed a motion to stay this case until the

related criminal charges against him are resolved. (Doc. no. 46.) Defendant Mosley stated he is currently "under indictment for crimes related to the same facts as this civil suit." (Doc. no. 46-1, p. 1.) Defendant Mosley argues the pending criminal action will interfere with his ability to defend himself in this action because he will be forced to invoke his Fifth Amendment privilege against self-incrimination and will not be able to respond to discovery requests, which will create adverse inferences against him. (Id. at 2-3.) Defendant Mosley further argues he has retained counsel in the criminal case, and the related nature of the cases will require consultation between his civil and criminal attorneys, which will increase the cost of his criminal defense. (Id. at 4.) Finally, Defendant Mosley argues the stay will not harm Plaintiff or the public interest. (Id.)

A court has the power to stay a civil proceeding due to an active parallel criminal investigation. SEC v. Healthsouth Corp., 261 F. Supp. 2d 1298, 1326 (N.D. Ala. 2015). "[A] court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interests of justice.'" United States v. Lot 5, Fox. Grove, Alachua Cty., Fla., 23 F.3d 359, 364 (11th Cir. 1994) (quoting United States v. Kordel, 397 U.S. 1, 12, n.27) (1970)). However, "a court may deny the stay so long as invoking the privilege against self-incrimination 'does not compel an adverse judgment against the claimant.'" Vallambrosa Plantation, LLC v. Sikorsky, CV 415-202, 2015 WL 5604364, at *2 (S.D. Ga. Sept. 21, 2015) (quoting Lot 5 Fox. Grove, Alachua Cty., Fla, 23 F.3d at 364).

District courts within the Eleventh Circuit consider the following factors in determining whether the interests of justice require a stay: (1) the extent to which the

4

defendant's Fifth Amendment rights are implicated; (2) the interest of the plaintiff in proceeding expeditiously with this litigation and the potential prejudice to the plaintiff from delay; (3) the burden any particular aspect of the proceedings may impose on the defendant; (4) the efficient use of judicial resources; (5) the interests of persons not parties to the civil litigation; (6) the interests of the public in the pending civil and criminal litigation; (7) the extent the issues in the civil and criminal cases overlap; and (8) the status of the criminal case, including whether the defendant has been indicted. S.E.C., 261 F. Supp. 2d at 1326; Dean v. Douglas, No. 5:12-CV-120, 2012 WL 61501137, at *3 (M.D. Ga. Dec. 11, 2012). However, the most important issue is the extent to which the issues in the simultaneous proceedings overlap. S.E.C., 261 F. Supp. 2d at 1326; Vallambrosa Plantation, LLC, 2015 WL 5604364 at *2.

Defendant Mosley states he is "under indictment for crimes related to the same facts as this civil suit" and provides an exhibit showing he was indicted by a grand jury in Johnson County, Georgia on June 18, 2018, with one count of violation of oath by a public officer, two counts of simple battery, and one count of making a false statement. (Doc. no. 46-1, p. 1; doc. no. 46-2.) However, the Court cannot ascertain the degree to which the facts and issues in the proceedings overlap because Defendant Mosley has not provided a detailed description of the conduct which forms the basis of the indictment. In particular, there is no indication Defendant Mosley was indicted based on the alleged conduct toward Plaintiff as opposed to another inmate.

Accordingly, the Court **ORDERS** Defendant Mosley to supplement his motion with additional information about the criminal case within fourteen days of the date of this Order.

5

Plaintiff shall have fourteen days from the date Defendant Mosley's supplemental materials are filed to respond to Defendant Mosley's motion to stay.

## III. CONCLUSION

Accordingly, for the reasons stated above, the Court **DENIES AS MOOT** Plaintiff's motions to strike, (doc. nos. 41, 44), **GRANTS** Defendant Mosley's motion for leave to file an amended answer, (doc. no. 47), and **ORDERS** Defendant Mosley to supplement his motion to stay within fourteen days of this Order. Finally, the Court will not enter a scheduling notice setting discovery deadlines until after the Presiding District Judge takes final action on the simultaneously filed Report and Recommendation.

SO ORDERED this 22nd day of January, 2019, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA